```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
DARIO BENITEZ VELASQUEZ and         :
ARMANDO ROMERO VAZQUEZ
                                    :
                 Plaintiffs,           15 Civ. 5818 (HBP)
                                    :
     -against-                         OPINION AND
                                    :  ORDER OF DISMISSAL
LITTLE MEXICO WHOLESALE INC.
and JOSEFINA AGUIRRE,               :

                 Defendants.        :

-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTR...
DOC...
DATE FILED: 11/14/16

PITMAN, United States Magistrate Judge:

This matter is before me on the parties' joint application to approve the parties' settlement (Docket Item 19). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

This is an action brought by two plaintiffs who formerly worked at the defendants' wholesale food warehouse in the Bronx, New York, seeking unpaid wages, overtime premium pay and spread-of-hours pay. The action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law. Plaintiffs also assert claims based on defendants' alleged failure to maintain certain records and provide certain notices as required by the Labor Law.

Plaintiffs allege that they worked at defendants' wholesale food warehouse. Defendants employ a staff of packers, warehouse employees, stockers and sellers. Plaintiffs allege that they worked for defendants as general employees, performing a wide range of tasks, including making up orders for vendors, cleaning, unloading trucks and other miscellaneous tasks. Plaintiff Velasquez alleges that he worked for defendants from June 2014 through May 2015 and that during that period he worked between five and seven days per week for approximately 13 hours per day. Plaintiff Vazquez alleges that he worked for defendants from June 2013 through November 2014 and that during that period he worked 6 days per week for approximately 13 hours per day. Velasquez claims that he is owed $14,835.66 in unpaid wages, overtime premium pay and spread-of-hours pay, $5,000 in statutory penalties and $14,835.66 in liquidated damages. Vazquez claims that he is owed $17,382.30 in unpaid wages, overtime premium pay and spread-of-hours pay, $5,000 in statutory penalties and $17,382.30 in liquidated damages. In the aggregate, plaintiffs claim that they are owed $74,435.92, exclusive of attorney's fees.

Defendants vigorously dispute the plaintiffs' claims, contending that defendants never employed Vazquez and that, in any event, the hours claimed by plaintiffs are grossly inflated.

The parties have agreed to a settlement in the total amount of $31,250.000, payable over 24 months. The settlement will be secured by a confession of judgment executed by both defendants in the amount of $62,500.00, less any sums paid prior to default. In other words, if defendants breach the settlement agreement, the value of the settlement doubles. The proposed settlement further provides that after deducting out-of-pocket costs and attorney's fees, the balance of the settlement will be evenly divided between Velasquez and Vazquez. The total settlement amount represents approximately 97% of plaintiffs' unpaid wages.

I held a lengthy settlement conference on March 23, 2016 that was attended by the principals and their counsel. The parties were able to agree on the terms outlined above at that conference.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Generally, there is a

strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (inner quotation marks and citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982). The presumption of fairness in this case is bolstered by the caliber the parties' counsel. All parties are represented by counsel who are known to me to be extremely knowledgeable regarding wage and hour matters and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

In Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective

4

claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Inner quotations and citations omitted). The settlement here satisfies these criteria.

The total damages sought by all three plaintiffs, including liquidated damages, are $74,435.92. Thus, the settlement represents approximately 42% of the total amount sought by plaintiffs and approximately 97% of plaintiffs' unpaid wages.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. Plaintiffs' case rests entirely on plaintiffs' oral testimony and defendants' case rests on defendants' oral testimony. Thus, it does not appear that this case could be resolved by a summary judgment motion and that a trial would be inevitable. The settlement avoids the expense of a trial.

Third, the settlement will enable plaintiffs to avoid the risk of litigation. Plaintiffs, all of whom have an obvious interest in the outcome, appear to have no evidence to support their claims from their oral testimony. Although plaintiffs' testimony is sufficient to prove their claims, Anderson v. Mt. Clemmons Pottery Co., 328 U.S. 680, 686-88 (1946), there is no way to predict the weight that a jury would afford their testi-

mony. In addition to the risk inherent in all litigations, based on statements made at the settlement conference, it appears that there is a substantial issue as to whether a judgment for a larger amount would be collectable.

Fourth, because I presided over the settlement conference and actually suggested the settlement number, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The fact that the settlement was reached at a mediation before the Court further negates the possibility of fraud or collusion.

Although not part of the settlement agreement itself, plaintiffs have agreed with their counsel that, after deduction of out-of pocket costs of $1,065.80, one-third of the settlement fund will be paid to plaintiffs' counsel as a contingency fee. Contingency fees of one third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("courts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances"); Rangel v. 639 Grand

6

St. Meat & Produce Corp., No. 13-CV-3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit"); Febus v. Guardian First Funding Group, LLC, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) (Stein, D.J.) ("a fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP), 2012 WL 2384419 at *6 (S.D.N.Y. June 22, 2012) (Freeman, D.J.).

Accordingly, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk of the Court is requested to mark this matter closed.

Dated:  New York, New York
        November 14, 2016

SO ORDERED

*[signature]*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel